**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| MANY WORLDS 2T INNOVATIONS LLC,<br><br>*Plaintiff*,<br>v.<br><br>SPOTIFY TECHNOLOGY, S.A., SPOTIFY AB and SPOTIFY USA, INC.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 2:26-CV-00303-JRG |

**ORDER**

Before the Court is the parties' Joint Motion for Leave to Complete Discovery Related to Defendants' Motion to Dismiss (the "Motion"). (Dkt. No. 34). In the Motion, Many Worlds 2T Innovations LLC ("Plaintiff") and Spotify Technology, S.A., Spotify AB, and Spotify USA, Inc. ("Defendants"), jointly move for leave to conduct discovery regarding venue, personal jurisdiction, and transfer. (*Id.* at 1).

Having considered the Motion, the Court finds that it should be and hereby is **GRANTED AS MODIFIED** as follows:

1. Venue-related discovery shall be completed by October 9, 2026.
2. Any discovery taken pursuant to this Order shall be limited to facts relevant to the issues raised in Defendants' pending Motion to Dismiss/Transfer (Dkt. No. 26), including whether venue is proper as to Spotify USA Inc. under 28 U.S.C. § 1400(b), whether the Court may exercise personal jurisdiction over Spotify Technology S.A., and the factors governing transfer under 28 U.S.C. § 1404(a), and shall not constitute or be used as general merits discovery on any claim or defense in this action, including infringement, validity, or damages.

3. Plaintiff may serve requests limited to seven (7) interrogatories and ten (10) requests for production on the Defendants by August 3, 2026. Defendants shall serve objections and responses to discovery requests, and produce documents responsive to Plaintiff's discovery requests, by August 28, 2026, provided, however, that the parties shall meet and confer on document production timing in the event the document requests call for a significant volume of responsive documents.
4. Plaintiff may take up to ten (10) hours of Rule 30(b)(1) and Rule 30(b)(6) deposition testimony (inclusive of both 30(b)(1) and 30(b)(6)) concerning facts raised in Defendants' Motion to Dismiss/Transfer (Dkt. No. 26). Any specific deposition shall not exceed seven (7) total hours. Plaintiff shall notice any depositions by August 14, 2026, Defendants shall serve any objections by September 4, 2026, and the parties shall schedule the depositions for mutually agreeable dates between September 9, 2026, and October 9, 2026. Depositions of Defendants or employees thereof shall proceed in New York, New York, or by remote means.
5. The venue-related discovery shall be subject to all applicable objections and shall not count toward the discovery limits set forth in the Federal Rules of Civil Procedure or the Court's Discovery Order.
6. Until the Court enters a Protective Order, any discovery produced in this case may be designated and treated as "Confidential – Outside Attorneys' Eyes Only" under the model Protective Order for Patent Cases. Upon entry of a Protective Order in this case, such discovery shall automatically be deemed designated as "Restricted – Attorneys' Eyes Only" unless and until otherwise designated by the producing party.

7. To the extent Plaintiff submits affirmative evidence relating to its own business which might impact the issues raised in the Motion to Dismiss/Transfer (Dkt. No. 26), Defendants may seek reciprocal venue discovery limited to seven (7) interrogatories, ten (10) requests for production, and up to ten (10) hours of Rule 30(b)(1) and Rule 30(b)(6) testimony, inclusive of both Rule 30(b)(1) and Rule 30(b)(6) testimony. Should such reciprocal discovery occur, Defendants may seek leave from the Court for reasonable extensions to the deadlines in this Order.
8. Defendants' Motion to Dismiss/Transfer (Dkt. No. 26) is **DENIED WITHOUT PREJUDICE** pending the above venue discovery. The Court **GRANTS LEAVE** for Defendants to re-urge their Motion to Dismiss/Transfer within fourteen (14) days of the close of venue discovery.
9. Plaintiff's response to Defendants' renewed motion to dismiss/transfer shall be due within fourteen (14) days after service of Defendants' renewed motion to dismiss/transfer.
10. Defendants' reply in support of their renewed motion to dismiss/transfer shall be due within seven (7) days after service of Plaintiff's response.
11. Plaintiff's sur-reply shall be due within seven (7) days after service of Defendants' reply.

Accordingly, it is **ORDERED** that venue discovery proceed in the above-captioned case in the manner outlined above.

**So ORDERED and SIGNED this 7th day of August, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE